IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**SUSANN G. GULLETTE,**
    Plaintiff,

vs.                                                     CASE NO.: 5:05cv4/SPM/MD

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**
    Defendant.
_____

**REPORT AND RECOMMENDATION**

This case is before the court upon plaintiff's complaint filed pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security denying plaintiff's claim for benefits. Pending is the defendant's motion to remand pursuant to sentence four of § 405(g) (doc. 12). The plaintiff does not oppose the motion according to the certification of the defendant.

Pursuant to sentence four of 42 U.S.C. § 405(g), the court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." The Commissioner of Social Security states that remand is appropriate for the ALJ to consider the evidence related to the entire period at issue including plaintiff's 1978 automobile accident and any limitations which occurred as a result. The ALJ will be directed to consider all of plaintiff's medical conditions including any possible cognitive impairments, right eye limitations and mobility limitations of her extremities due to fibrosis of connective tissue. Based on the additional analysis, the ALJ will formulate a residual functional capacity (RFC) which reflects specific and complete consideration of all of plaintiff's medical conditions. The ALJ

will then utilize plaintiff's RFC to determine whether or not she could perform any past relevant work or other work which exists in significant numbers in the national economy during the time period at issue.  Good cause has been shown for remand.

Accordingly, it is RECOMMENDED as follows:

1.	That the defendant's motion to remand (doc. 12) be GRANTED and the Commissioner's decision denying benefits be REVERSED.

2.	That this case be remanded to the Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g).

3.	That defendant be ordered to direct the Administrative Law Judge to consider the evidence related to the entire period at issue including plaintiff's 1978 automobile accident and any limitations which occurred as a result.  The ALJ will be directed to consider all of plaintiff's medical conditions including any possible cognitive impairments, right eye limitations and mobility limitations of her extremities due to fibrosis of connective tissue.  Based on the additional analysis, the ALJ will formulate a residual functional capacity (RFC) which reflects specific and complete consideration of all of plaintiff's medical conditions.  The ALJ will then utilize plaintiff's RFC to determine whether or not she could perform any past relevant work or other work which exists in significant numbers in the national economy during the time period at issue.

4.	That the clerk be directed to enter judgment for plaintiff and close the file.

DONE AND ORDERED this 7th day of June, 2005.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. A copy of objections shall be served upon the magistrate judge and al other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**